WeygaNdt, C. J.,
concurring in the judgment and the third paragraph of the syllabus. Concededly the first and. second paragraphs of the syllabus are obiter dictum and hence not authoritative.
*495 The judgment is properly predicated on the view that the record discloses no evidence requiring submission to the jury, and that hence the trial court should have directed a verdict for the defendant. This, of course, is completely dispositive of the case. Therefore, any error in the charge becomes wholly immaterial, and any comment thereon is an idle gratuity. Analogously, if the trial court were without jurisdiction, it would be futile for this court to advise what the trial court should have done if it had possessed jurisdiction. The courts of this state are not authorized to render merely advisory opinions.
It is observed that the record was certified to this court by the Court of Appeals for the reason that its judgment as to the correctness of the charge is in conflict with the judgments of two other Courts of Appeals of this state on the same question. However, the basis of certification by this court or a Court of Appeals becomes immaterial once the certification has occurred. There is no authority to certify a mere question. Under the provisions of Sections 2 and 6, Article IV of the Constitution of Ohio, the thing certified is the.“record,” and after this has been accomplished the cause is in this court “for review and final determination” in whatever manner that result may be properly reached on the record.
In the instant case it is held properly that the trial court should have directed a verdict and rendered a judgment thereon in favor of the defendant. That is completely dispositive of the controversy, and nothing else remains to be decided in order to reach a final determination thereof.
Taft, J., concurs in the foregoing concurring opinion.